JONES v. PESCOR et al.

No. 4865.

District Court, W. D. Missouri, W. D.

Sept. 29, 1947.

Edward Roscoe Jones, per se.

Sam M. Wear, U. S. Atty., of Springfield, Mo., for respondents.

REEVES, District Judge.

The petition or complaint in this cause covers many pages of closely typewritten matter. Many subjects are covered. It is filled with complaints against the authorities, both before and after conviction, and of the treatment accorded the petitioner while in prison.

Every step of the proceeding leading up to his conviction is challenged. For instance it is alleged that the foreman of the grand jury did not sign or endorse the indictment and there are repeated averments that the court was without jurisdiction. While the record submitted shows that the petitioner has certified copies of the records in the court where convicted yet he does not append the certified copies to his complaint but merely attaches copies prepared by him or some one in his behalf. The indictment, as copied and attached to the complaint, is in regular form and in various ways charges the petitioner with violating the Selective Service Acts of 1940, 50 U.S.C.A.Appendix, § 301 et seq. Such violation consisting of failure to report for induction, failure to execute his questionnaire, failure to execute his occupational questionnaire, and failure to keep the local Selective Service Board No. 12 of Chicago, Cook County, Illinois, advised of his change of address.

The judgment and commitment show that he was represented by counsel, appeared before Judge Barnes, United States District Judge for the Eastern Division of the Northern District of Illinois "in his own proper person and by his counsel and the defendant being advised by the Court as to his right to a trial by Jury waives that right counsel for the defendant and for the government consenting and the Court acquiescing and thereupon this cause is submitted to the Court for trial without a Jury and the Court now here after hearing all the evidence adduced finds the defendant guilty as charged in the indictment * * *."

Thereafter the petitioner was sentenced in accordance with prescribed formula and was committed first to the government prison at Terre Haute, Indiana, and later transferred to United States Medical Center at Springfield. The averments of the indictment show that the offenses were committed within the jurisdiction of the court and that the petitioner was represented by counsel and expressly waived trial by jury and consented to be tried by the court sitting as a jury. The United States District Attorney agreed to the procedure as did counsel for the petitioner. The presiding judge also acquiesced in such waiver.

1. Apparently both court and counsel have punctiliously observed the requirements of the law and all of the averments with respect to the trial by jury should be disregarded. Moreover, the petitioner was represented by counsel in his trial.

2. There are averments that the petitioner was incompetent at the time of his trial. The records presented by him, however, show that an inquiry had been made concerning his mental status and a physician had reported to the court in October before his trial in November that the

petitioner was competent and possessed awareness with respect to his conduct and was competent to stand trial. This report was made by Harold S. Hurlbert, M. D., specializing in psychiatry, and bore date October 17, 1945. The petitioner was tried on November 13, 1945. The doctor's report was made to the District Judge with copies "to Defense Atty. Stephen S. Snyder, 5345 Harper Ave., Chicago, Asst. U. S. Dist. Atty. Walter Witowski, U. S. Courthouse, Chicago," and was designated as "neuropsychiatric Status of Mr. Edward Roscoe Jones, 41, white, divorced."

The conclusion of the lengthy report is as follows: "Yet he is sane and is not insane by medical and by legal standards. He can slowly be led to understand the charges against him; he can cooperate with his attorney in his defense if given sufficient opportunities; he can understand the sentence of the court."

3. The complaint is made that the U. S. Medical Center did not acquire legal custody of the petitioner because the transfer was illegally made. An examination of the exhibit shows that a transfer was made in conformity with the statute and that the petitioner is properly held by the respondent.

4. The law is very clear with respect to facts stated by the petitioner. In Bowen v. Johnston, 306 U. S. 19, loc. cit. 23, 59 S.Ct. 442, loc. cit. 444, 83 L.Ed. 455, the Supreme Court aptly and tersely stated the law as follows: "Where the District Court has jurisdiction of the person and the subject matter in a criminal prosecution, the writ of habeas corpus cannot be used as a writ of error."

▮ Quite clearly, according to all of the averments of the complaint, the district court had jurisdiction both of the person and of the subject matter, and under such circumstances "the judgment of conviction is not subject to collateral attack." On the same page the court said: "The scope of review on habeas corpus is limited to the examination of the jurisdiction of the court whose judgment of conviction is challenged."

It follows that the complaint or petition does not state grounds for the discharge of the petitioner but on the contrary shows affirmatively that he is properly held by the respondent. The application for a writ of habeas corpus should be and will be denied and in like manner the petition dismissed.